IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WILSON, Individually and On Behalf of All Others Similarly Situated 1486 Barclay Blvd. Westlake, OH 44145, | ) ) ) ) ) | Case No. JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CHMURA ECONOMICS & ANALYTICS, LLC c/o Christine Chmura 1309 East Cary Street Suite 200 Richmond, VA 23219, | ) ) ) ) ) ) ) | COLLECTIVE ACTION COMPLAINT |
| Defendant | ) | |

Plaintiff Thomas Wilson ("Wilson" or "Plaintiff"), individually and on behalf of himself and all others similarly situated, files this Collective Action Complaint (the "Complaint") against Defendant Chmura Economics & Analytics, LLC ("Chmura" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §4111.01, *et seq.*, and the Ohio Prompt Pay Act, O.R.C. §4113.15. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Wilson brings this action under the FLSA, individually and on behalf of all others similarly situated (the "FLSA Collective"). The FLSA Collective are or were employed by Defendant Chmura Economics & Analytics, LLC ("Chmura" or "Defendant") as Inside Sales Employees and were denied proper compensation as required by federal and state wage and hour

laws. Specifically, Chmura violated the FLSA by failing to pay the FLSA Collective overtime at a rate of time and one-half for all hours worked above forty (40) hours in a workweek, and failing to pay the FLSA Collective overtime on a timely basis. The FLSA Collective are entitled to unpaid overtime wages from Chmura for all hours worked by them above forty (40) hours in a workweek, and are also entitled to liquidated damages and attorney fees pursuant to the FLSA.

2. The FLSA Collective is made up of all Inside Sales Employees, including Sales Development Representatives, Account Managers and Senior Account Managers, or other positions with similar job titles and duties (the "Inside Sales Employees") who work or have worked for Chmura at any time within three years prior to this action's filing date (the "Collective Period"). The Inside Sales Employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

3. Plaintiff also brings this action under the Ohio Minimum Fair Wage Standards Act, O.R.C. §4111.01, *et seq.*, and the Ohio Prompt Pay Act, O.R.C. §4113.15, on behalf of all Inside Sales Employees employed by Chmura in Chmura's Ohio office (the "Ohio Collective"). Chmura violated Ohio law by failing to pay the Ohio Collective overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay the Ohio Collective overtime on a timely basis. The Ohio Collective is entitled to unpaid overtime wages from Chmura for all hours worked by them above forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to Ohio law. All members of the Ohio Collective are also members of the FLSA Collective.

4. During the Collective Period, Defendant failed to pay overtime compensation to Plaintiff and each member of the FLSA Collective as required by state and federal law. The

Plaintiff seeks relief for the Ohio Class under Ohio wage and hour law and for the FLSA Collective under the FLSA, to remedy Defendant's failure to pay appropriate overtime compensation.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. Sec. 1331, and brought under the FLSA, 29 U.S.C. §201 *et seq*. Plaintiff signed consent forms to join this lawsuit, attached as Exhibit A. As this case proceeds, it is expected that other individuals will s opt-in as plaintiffs. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §1391 sinceDefendant operates in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. Pursuant to Loc.R. 3.8, this action is properly assigned to the Eastern Division of the Northern District of Ohio because a substantial portion of the events giving rise to the dispute occurred in Cleveland, Ohio.

## PARTIES

8. Upon information and belief, Chmura is a Virginia limited liability company with its principal place of business in Richmond, Virginia. Chmura maintains a place of business in Cleveland, Ohio.

9. Wilson is an Ohio citizen and resident of Westlake, Ohio. He was employed by Chmura in Cleveland, Ohio from May 2, 2018 through March 2, 2019. Plaintiff was an employee of Chmura as defined by the FLSA, 29 U.S.C. §203(e)(1) and relevant state law.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1337 and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq*.

## FACTUAL ALLEGATIONS

11. Chmura is a software and consulting firm in the field of data analytics. Chmura sells a labor data SaaS (Software as a Service) called JobsEQ, which is a labor market technology platform (the "Platform"). The Platform is sold to buyers across the U.S.

12. Plaintiff worked for Chmura as an Account Manager from inside the offices of Chmura's Cleveland, Ohio office where he cold-called and e-mailed potential buyers of the Platform. Wilson's primary job duty was to sell the Platform to potential buyers. Chmura employs numerous other Inside Sales Employees who share the same job responsibilities as Plaintiff and also sell the Platform to buyers from inside Chmura's offices.

13. At all times material, Mr. Wilson and other Inside Sales Employees were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

14. At all times material, Chmura has qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had an annual gross volume of sales which exceeded $500,000.00.

15. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Chmura.

16. Chmura classified Plaintiff and other Inside Sales Employees as exempt from FLSA's overtime and minimum wage requirements. Neither Plaintiff's actual job duties nor those of any other of Chmura's similarly situated Inside Sales Employees satisfied the criteria under the FLSA for any exemption. Plaintiff was paid a salary plus commissions, and never paid any overtime.

17. Wilson and other Inside Sales Employees employed by Chmura during the last three years regularly worked more than forty (40) hours in multiple workweeks without receiving any overtime compensation. Chmura improperly denied them compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) during those workweeks.

18. Chmura was aware that it had misclassified Plaintiff and others similarly situated but failed and refused to properly classify them as non-exempt and pay them overtime. Plaintiff worked, on average, approximately five (5) hours of overtime each workweek. Chmura required Plaintiff, and other Inside Sales Employees to meet quotas for their sales work that necessitated overtime work. In addition to working 40 hours Monday through Friday Wilson worked some Saturdays to catch up on work and meet these quotas that could not be completed by Friday.

19. For example, Plaintiff attended the Association for Institutional Research Conference on May 31, 2018 and June 1, 2018. During the workweek of May 27, 2018 through June 2, 2018, Mr. Wilson was required to work extra hours to take care of his routine matters, as well as prepare for the conference. Plaintiff's evidence will show that he on worked in excess of forty-six (46) hours the workweek of May 2018.

20. Because Chmura had erroneously misclassified Plaintiff and other Inside Sales Employees as exempt, they were not required to keep timesheets. As a result, Chmura failed to maintain and keep time records for Mr. Wilson and those similarly situated, in violation of it's duty under the FLSA.

21. Chmura knew Plaintiff and the FLSA and Ohio Collectives worked overtime without proper compensation, and it willfully failed and refused to pay him and the similarly situated Inside Sales Employees overtime wages at the required rates.

22. Chmura's refusal to pay overtime was knowing and willful. In approximately 2015, Chmura retained the services of a staffing agency to place a temporary employee for the position of Account Manager, which is one of the various titles Chmura used for its Inside Sales Employees. The temporary Account Manager, Jennifer Ludvik, complained that she was entitled to overtime as she was not exempt and made a claim for her hours worked in excess of 40 in a workweek. Accordingly, the staffing agency billed Chmura for all hours worked, including Ludvik's overtime. When confronted with this misclassification violation, Chmura refused to pay the staffing agency, turned a blind eye toward its continuing violation, failed to correct its practice with respect to its incumbent Inside Sales Employees and knowingly went on failing and refusing to pay overtime to its Inside Sales Employees.

23. In or about November 2019, Chmura reclassified the Account Managers and Sales Account Managers (Inside Sales Employees) as non-exempt. However, Chmura failed and refused to pay the Inside Sales Employees at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40).

24. Chmura did not keep accurate records of the hours Mr. Wilson and the other Inside Sales Employees worked.

25. Chmura is aware of wage and hour laws, and its unlawful conduct has been widespread, repeated, and consistent.

26. Chmura's conduct, as set forth in this Complaint, was willful and in bad faith. Chmura operated under a scheme that has caused significant lost wages to Wilson and other Inside Sales Employees.

## COLLECTIVE ACTION ALLEGATIONS

27. Wilson brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. §216(b). He and the similarly situated individuals work(ed) as Inside Sales Employees for Chmura. The proposed collective is defined as follows:

> All persons who worked for Chmura as Sales Development Representatives, Account Managers or Senior Account Managers (Inside Sales Employees) or other positions with similar job titles and duties who were classified as exempt at any time within three years prior to the commencement of this action (the "FLSA Collective").

28. Wilson has consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b) and his consent form is attached as Exhibit A. As this case proceeds it is expected that additional individuals will file consent forms and join as "opt-in" plaintiffs.

29. Plainatiff Wilson and the FLSA Collective are or were employed by Chmura within the meaning of the FLSA.

30. Chmura paid Wilson and the FLSA Collective a salary and commissions, and classified them as exempt employees.

31. Chmura improperly classified Wilson and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

32. Wilson and the FLSA Collective routinely worked over forty (40) hours in numerous workweeks and were not compensated by Chmura with overtime pay for the hours they worked in excess of forty (40) in each workweek.

33. Chmura was both aware of and required this overtime work. Specifically, it was Chmura's policy and practice to set sales goals that required overtime work and to encouraged Wilson and members of the FLSA Collective to work overtime.

34. Chmura is and was aware that Wilson and the FLSA Collective worked under these conditions. Despite that knowledge, Chmura denied them overtime compensation.

35. Chmura uniformly misrepresented to Wilson and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In fact, Wilson and the FLSA Collective are, and were, non-exempt employees and eligible to receive overtime pay. For example, Plaintiff and the FLSA Collective performed inside sales work for Chmura. Their primary duty concisted of calling potential clients to sell the Platform. Wilson and the FLSA Collective did not have the authority to determine what products were offered or what price would be charged. No Inside Sales Employee had the right to exercise any independent judgment or discretion over any matter of importance to Chmura. The relevant job duties of Wilson and the FLSA collective were substantially similar regardless of their specific job title, office location, or assigned sales territory. All should have been non-exempt.

36. Chmura failed to make, keep, and preserve records of the hours worked by Wilson and the FLSA Collective.

37. Chmura's unlawful conduct is widespread, repetitious, and consistent, affecting Wilson and the FLSA Collective.

38. Chmura's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective. Chmura is aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

39. Chmura is and was aware of the FLSA's requirements.

40. Chmura is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

41. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Chmura and are readily identifiable through Defendant's records.

## OHIO CLASS ACTION ALLEGATIONS

42. Plaintiff Wilson brings this action individually and on behalf of the Ohio Class defined above, pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3).

43. Chmura violated Ohio law by failing to timely pay Wilson and the Ohio Class overtime for the hours worked above forty (40) each workweek and by failing to make, keep and preserver proper records of the hours worked by Mr. Wilson and the Ohio Class.

44. The Ohio Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Chmura, are readily identifiable, and can be located through Chmura's records. Upon information and belief, there are at least ten (10) members of the Ohio Class.

45. There are questions of law and fact common to the members of the Ohio Class that predominate over any questions solely affecting the individual members of the Ohio Class, including, without limitation:

    a. Whether Chmura failed to pay Wilson and the Ohio Class for all of the hours they worked;

    b. Whether Chmura is liable for all damages claimed by Wilson and the Ohio Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

  c. Whether Chmura complied with the record keeping requirements of Ohio law;

  d. Whether Chmura violated its obligationunder Ohio law to pay its employees all wages promptly.

46. Plaintiff's claims are typical of the claims of the Ohio Class. Wilson and the Ohio Class have the same interests in this matter.

47. PlaintiffWilson is an adequate class representative, is committed to pursing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

48. Class certification of the Ohio law claims is appropriate pursuant to Fed.R.Civ.P. 23(b)(2) because Chmura has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Ohio Class as a whole. The members of the Ohio Class are entitled to injunctive relief to end Chmura's common and uniform policy and practice of denying the Ohio Class the wages to which they are entitled.

49. Class certification of the Ohio law claims is also appropriate pursuant to Fed.R.Civ.P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over questions affecting only individual members of the Ohio Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50. Plaintiff Wilson knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

<b><u>FIRST CLAIM FOR RELIEF</u><br><u>(Violation of the FLSA)</u></b>

51. Plaintiffson restates and incorporates ¶¶1 through 51 of this Complaint as if fully rewritten herein.

52. Chmura is an "enterprise" as defined by 29 U.S.C. §203(b), (s)(1).

53. The FLSA requires covered employers like Chmura to pay non-exempt employees like PlaintiffWilson and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. §207.

54. Wilson and the FLSA Collective regularly worked more than forty (40) hours in workweeks for Chmura, but Chmura did not properly compensate them for any their overtime hours as required by the FLSA.

55. Chmura made no effort to comply with the FLSA as it relates to the compensation ofWilson or the FLSA Collective and in fact deliberately avoided paying overtime by misclassifying them as exempt employees with full knowledge that their actual job duties did not meet the requirements for any statutory exemption under the FLSA regulations.

56. Chmura knew Wilson and the FLSA Collective worked overtime without proper compensation, and willfully failed and refused to pay them wages at the required overtime rates. *See* 29 U.S.C. §255.

57. Chmura's willful failure and refusal to pay. Wilson and the FLSA Collective overtime wages for actual overtime hours worked violates the FLSA. 29 U.S.C. §207.

58. As a direct and proximate result of these unlawful practices, Wilson and the FLSA Collective suffered wage loss and is, therefore, entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims in an amount to be calculated, liquidated damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (Violation of the Ohio Prompt Pay Act - O.R.C. §4113.15)

59. Plaintiff Wilson restates and incorporates ¶¶1 through 59 of his Complaint as if fully rewritten herein.

60. During all relevant times, Chmura was an entity covered by O.R.C. §4113.15 and Wilson and the Ohio Collective were employees within the meaning of O.R.C. §4113.15. Wilson and the Ohio Collective are not exempt from the protections of O.R.C. §4113.15.

61. O.R.C. §4113.15 requires that Chmura pay Wilson and the Ohio Collective all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

62. Wilson and the Ohio Collective unpaid wages have remained unpaid for more than thirty (30) days beyond his regularly scheduled payday.

63. In violating Ohio law, Chmura acted willfully, without a good faith basis and with reckless disregard to Ohio law.

64. As a result of Chmura's willful violation, Wilson and the Ohio Collective are entitled to unpaid wages and liquidated damages, as stated in O.R.C. §4113.15.

### THIRD CLAIM FOR RELIEF
### (Violation of the Ohio Minimum Fair Wage Standards Act – O.R.C. §4111.01 *et seq.*)

65. Plaintiff Wilson and the Ohio Collective restate and incorporate ¶¶1 through 65 of the Complaint as if fully rewritten herein.

66. Mr. Wilson and the Ohio Collective worked more than forty (40) hours in one or more work weeks.

67. Chmura did not compensate Wilson and the Ohio Collective for the hours he worked over forty (40) hours per week.

68. By not paying Wilson and the Ohio Collective proper overtime wages for time worked in excess of forty (40) hours in a workweek, Chmura has violated the Ohio Minimum Fair Wage Standards Act.

69. As a result of Chmura's violations Plaintiff Wilson and the Ohio Collective entitled to damages, including, but not limited to, unpaid overtime wages, costs and attorney's fees.

WHEREFORE, Plaintiff, Thomas Wilson, on behalf of himself and all others similarly situated, seeks an order or orders against Chmura Economics & Analytics, LLC providing the following relief:

1. Designation of this action as an FLSA collective action on behalf of Mr. Wilson and the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the Collective Action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and tolling of the statute of limitations;

2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Ohio law;

3. An injunction requiring Chmura Economics & Analytics, LLC to cease its unlawful practices under the FLSA and Ohio law;

4. An award of unpaid wages for all hours worked in excess of forty (40) in a workweek at a rate of time and one half of the regular rate of pay due under the FLSA and Ohio law;

5. An award of liquidated damages pursuant to 29 U.S.C. §216 and Ohio law;

6. For a determination that Chmura Economics & Analytics, LLC's violations of the FLSA were willful;

7. Exemplary and punitive damages;

8. All costs, attorneys' fees and expert fees incurred;

9. All pre-judgment and post-judgment interest; and

10. All further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff Thomas Wilson demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

/s/ *Christine M. Cooper*
Christine M. Cooper (0079160)
Dianne V. Foley (0009091)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law
      dfoley@koehler.law

*Attorneys for Plaintiff Thomas Wilson*